**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| UNILOC USA, INC. and | § | |
| UNILOC LUXEMBOURG, S.A., | § | Civil Action No. 2:16-cv-990 |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | PATENT CASE |
| | § | |
| KYOCERA AMERICA, INC. and | § | |
| KYOCERA COMMUNICATIONS, INC., | § | |
| | § | |
| Defendants. | § | JURY TRIAL DEMANDED |
| | § | |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs, Uniloc USA, Inc. and Uniloc Luxembourg, S.A. (together "Uniloc"), as and

for their complaint against defendant, Kyocera America, Inc. and Kyocera Communications, Inc.

(together "Kyocera"), allege as follows:

### THE PARTIES

1.      Uniloc USA, Inc. ("Uniloc USA") is a Texas corporation having a principal place

of business at Legacy Town Center I, Suite 380, 7160 Dallas Parkway, Plano Texas 75024.

Uniloc also maintains a place of business at 102 N. College, Suite 603, Tyler, Texas 75702.

2.      Uniloc Luxembourg S.A. ("Uniloc Luxembourg") is a Luxembourg public limited

liability company having a principal place of business at 15, Rue Edward Steichen, 4th Floor, L-

2540, Luxembourg (R.C.S. Luxembourg B159161).

3.      Uniloc Luxembourg owns a number of patents in the field of text/voice instant

messaging.

4.      Upon information and belief, Kyocera America, Inc. is a California corporation having a principal place of business in San Diego, California and does business in Texas and in the judicial Eastern District of Texas.  Kyocera America, Inc. may be served with process through its registered agent for service of process in Texas: Prentice Hall Corp. System, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

5.      Upon information and belief, Kyocera Communications, Inc. is a Delaware corporation having a principal place of business in San Diego, California and does business in Texas and in the judicial Eastern District of Texas.  Kyocera Communications, Inc. may be served with process through its registered agent for service of process in Texas: Corporation Service Company d/b/a CSC-Lawyers, Inc., 211 E. 7th Street, Suite 620, Austin, Texas 78701.

## JURISDICTION AND VENUE

6.      Uniloc brings this action for patent infringement under the patent laws of the United States, 35 U.S.C. § 271 *et seq.*  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a) and 1367.

7.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(c) and 1400(b).  Upon information and belief, Kyocera is deemed to reside in this judicial district, has committed acts of infringement in this judicial district, and/or has purposely transacted business involving the accused products in this judicial district, including sales of the accused devices to one or more customers in Texas.

8.      Kyocera is subject to this Court's jurisdiction pursuant to due process and/or the Texas Long Arm Statute due at least to their substantial business in this State and judicial district, including: (A) at least part of their past infringing activities, (B) regularly doing or soliciting business in Richardson and Plano, Texas, respectively, and/or (C) engaging in

persistent conduct and/or deriving substantial revenue from goods, including the accused devices, and services provided to customers in Texas.

## COUNT I
### (INFRINGEMENT OF U.S. PATENT NO. 8,724,622)

9.      Uniloc incorporates paragraphs 1-8 above by reference.

10.     Uniloc Luxembourg is the owner, by assignment, of U.S. Patent No. 8,724,622 ("the '622 Patent"), entitled SYSTEM AND METHOD FOR INSTANT VOIP MESSAGING that issued on May 13, 2014.  A true and correct copy of the '622 Patent is attached as Exhibit A hereto.

11.     Uniloc USA is the exclusive licensee of the '622 Patent with ownership of all substantial rights therein, including the right to grant sublicenses, to exclude others, and to enforce, sue and recover past damages for the infringement thereof.

12.     Upon information and belief, the following identifies an exemplary Kyocera Android smartphone having instant voice and/or instant video with audio messaging ("IVM") capability in a packet-switched network:



13.     Upon information and belief, the following illustrates, at least in part, the Apps screen of the Kyocera Android IVM smartphone:



14.     Upon information and belief, the following illustrates, at least in part, a Default SMS app notice screen of the Kyocera Android IVM smartphone:



15.     Upon information and belief, the following illustrates, at least in part, the App info screen of the Kyocera Android IVM smartphone:



16.     Upon information and belief, the following illustrates, at least in part, the Settings screen of the Kyocera Android IVM smartphone:



17.     Upon information and belief, the following illustrates, at least in part, the New message screen of the Kyocera Android IVM smartphone:



18.     Upon information and belief, the following illustrates, at least in part, an Edit contact screen of the Kyocera Android IVM smartphone:



19.     Upon information and belief, the following illustrates, at least in part, the Attach screen of the Kyocera Android IVM smartphone:



20.     Upon information and belief, the following illustrates, at least in part, a Sound Recorder screen of the Kyocera Android IVM smartphone:



21.     Upon information and belief, the following illustrates, at least in part, a Sound Recorder screen of the Kyocera Android IVM smartphone:



22.     Upon information and belief, the following illustrates, at least in part, a Sound Recorder screen of the Kyocera Android IVM smartphone:



23.     Upon information and belief, the following illustrates, at least in part, a screen of the Kyocera Android IVM smartphone:



24.     Upon information and belief, the following illustrates, at least in part, a message screen of the Kyocera Android IVM smartphone:



25.     Upon information and belief, the following illustrates, at least in part, a message screen of the Kyocera Android IVM smartphone:



26.     Upon information and belief, the following illustrates, at least in part, a Sound Recorder screen of the Kyocera Android IVM smartphone:



27.     Upon information and belief, the following illustrates, at least in part, a Sound Recorder screen of the Kyocera Android IVM smartphone:



28.     Upon information and belief, the following illustrates, at least in part, a message screen of the Kyocera Android IVM smartphone:



29.     Upon information and belief, the following illustrates, at least in part, a message screen of the Kyocera Android IVM smartphone:



30.     Upon information and belief, the following illustrates, at least in part, a message screen of the Kyocera Android IVM smartphone:



31.   Upon information and belief, the following illustrates, at least in part, a message screen of the Kyocera Android IVM smartphone:



32.   Upon information and belief, the following illustrates, at least in part, a message screen of the Kyocera Android IVM smartphone:



33.     Upon information and belief, the following illustrates, at least in part, a message screen of the Kyocera Android IVM smartphone:



34.     Upon information and belief, the following illustrates, at least in part, a message screen of the Kyocera Android IVM smartphone:



35.    Upon information and belief, the following illustrates, at least in part, a message screen of the Kyocera Android IVM smartphone:



36.    Upon information and belief, the following illustrates, at least in part, a Settings screen of the Kyocera Android IVM smartphone:



37.      Kyocera has directly infringed, and continues to directly infringe one or more claims of the '622 Patent in this judicial district and elsewhere in Texas, including at least claims 3, 4, 6-8, 10-19, 21, 23-35 and 38 literally and/or under the doctrine of equivalents, by or through making, using, importing, offering for sale and/or selling numerous versions of the Kyocera Android IVM smartphones   (together "Kyocera Android IVM smartphones") during the pendency of the '622 Patent which devices and associated servers perform instant voice messaging over Wi-Fi and the Internet between persons using cellphones and/or other devices capable of instant voice messaging; wherein digitized audio files are transmitted between a plurality of recipients on a packet switched network and a list of one or more currently potential recipients is displayed on the device.   Upon information and belief, the additional Android devices identified in Exhibit E also provide such functionality and, thereby, infringe as set forth in this Count.

38.      In addition, should the Kyocera Android IVM smartphones be found to not literally infringe the asserted claims of the '622 Patent, the Kyocera Android IVM smartphones

would nevertheless infringe the asserted claims of the '622 Patent.  More specifically, the accused smartphones perform substantially the same function (instant voice messaging), in substantially the same way (via a digitized audio files in a client/server environment), to yield substantially the same result (delivering voice messages to available intended recipients). Kyocera would thus be liable for direct infringement under the doctrine of equivalents.

39.     Kyocera has indirectly infringed and continues to indirectly infringe at least claims 3, 4, 6-8, 10-19, 21, 23-35 and 38 of the '622 Patent in this judicial district and elsewhere in the United States by, among other things, actively inducing the using, offering for sale, selling, or importing the Kyocera Android IVM smartphones.  Kyocera's customers who purchase the Kyocera Android IVM smartphones and operate such devices in accordance with Kyocera's instructions directly infringe one or more of the foregoing claims of the '622 Patent in violation of 35 U.S.C. § 271.  Kyocera directly and/or indirectly instructs its customers through training videos, demonstrations, brochures, installation and/or user guides, such as those located at the following:

www.kyocera.com

www.kyoceramobile.com

https://americas.kyocera.com

www.youtube.com

Kyocera is thereby liable for infringement of the '622 Patent under 35 U.S.C. § 271(b).

40.     Kyocera has indirectly infringed and continues to indirectly infringe at least claims 3, 4, 6-8, 10-19, 21, 23-35 and 38 of the '622 Patent in this judicial district and elsewhere in the United States by, among other things, contributing to the direct infringement by others including, without limitation customers using the Kyocera Android IVM smartphones, by

making, offering to sell, selling and/or importing into the United States, a component of a patented machine, manufacture or combination, or an apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in infringing the '622 Patent and not a staple article or commodity of commerce suitable for substantial non-infringing use.

41.     For example, the Kyocera Android IVM smartphones are components of a patented machine, manufacture, or combination, or an apparatus for use in practicing a patent process.  Furthermore, the Kyocera Android IVM smartphones are material parts of the claimed inventions and upon information and belief are not a staple article or commodity of commerce suitable for substantial non-infringing use.  Kyocera is, therefore, liable for infringement under 35 U.S.C. § 271(c).

42.     Kyocera will have been on notice of the '622 Patent since, at the latest, the service of this complaint upon Kyocera.  By the time of trial, Kyocera will have known and intended (since receiving such notice) that its continued actions would actively induce, and contribute to, the infringement of one or more of claims 3, 4, 6-8, 10-19, 21, 23-35 and 38 of the '622 Patent.

43.     Kyocera may have infringed the '622 Patent through other devices utilizing the same or reasonably similar functionality, including other versions of the Kyocera Android IVM smartphones.  Uniloc reserves the right to discover and pursue all such additional infringing software/devices.

44.     Uniloc has been damaged, reparably and irreparably, by Kyocera's infringement of the '622 Patent and such damage will continue unless and until Kyocera is enjoined.

## COUNT II
### (INFRINGEMENT OF U.S. PATENT NO. 8,995,433)

45.     Uniloc incorporates paragraphs 1-44 above by reference.

46.     Uniloc Luxembourg is the owner, by assignment, of U.S. Patent No. 8,995,433 ("the '433 Patent"), entitled SYSTEM AND METHOD FOR INSTANT VOIP MESSAGING that issued on March 31, 2015.  A true and correct copy of the '433 Patent is attached as Exhibit B hereto.

47.     Uniloc USA is the exclusive licensee of the '433 Patent with ownership of all substantial rights therein, including the right to grant sublicenses, to exclude others, and to enforce, sue and recover past damages for the infringement thereof.

48.     Kyocera has directly infringed, and continues to directly infringe one or more claims of the '433 Patent in this judicial district and elsewhere in Texas, including at least claims 1-5, 8, 9, 11, 12, 14-17, 25 and 26 literally and/or under the doctrine of equivalents, by or through making, using, importing, offering for sale and/or selling the Kyocera Android IVM smartphones during the pendency of the '433 Patent which devices and associated servers perform instant voice messaging over Wi-Fi and the Internet between persons using cellphones and/or other devices capable of instant voice messaging; wherein a list of one or more potential recipients is displayed on the device, the instant messages are temporarily stored using a unique identifier, and a file manager stores, retrieves and/or deletes the messages in response to the users request.  Upon information and belief, the additional Android devices identified in Exhibit E also provide such functionality and, thereby, infringe as set forth in this Count.

49.     In addition, should the Kyocera Android IVM smartphones be found to not literally infringe the asserted claims of the '433 Patent, the Kyocera Android IVM smartphones would nevertheless infringe the asserted claims of the '433 Patent.  More specifically, the accused Kyocera Android IVM smartphones perform substantially the same function (instant voice messaging), in substantially the same way (identifying potentially available recipients,

storing messages using unique identifiers and a file manager for storing, retrieving and/or deleting the messages), to yield substantially the same result (delivering voice messages to available intended recipients and wherein the messages may be stored, retrieved and/or deleted). Kyocera would thus be liable for direct infringement under the doctrine of equivalents.

50.     Kyocera has indirectly infringed and continues to indirectly infringe at least claims 1-5, 8, 9, 11, 12, 14-17, 25 and 26  of the '433 Patent in this judicial district and elsewhere in the United States by, among other things, actively inducing the using, offering for sale, selling, or importing the Kyocera Android IVM smartphones.  Kyocera's customers who purchase the Kyocera Android IVM smartphones and operate the devices in accordance with Kyocera's instructions directly infringe one or more of the foregoing claims of the '433 Patent in violation of 35 U.S.C. § 271.  Kyocera directly and/or indirectly instructs its customers through training videos, demonstrations, brochures, installation and/or user guides, such as those located at the following:

www.kyocera.com

www.kyoceramobile.com

https://americas.kyocera.com

www.youtube.com

Kyocera is thereby liable for infringement of the '433 Patent under 35 U.S.C. § 271(b).

51.     Kyocera has indirectly infringed and continues to indirectly infringe at least claims 1-5, 8, 9, 11, 12, 14-17, 25 and 26 of the '433 Patent in this judicial district and elsewhere in the United States by, among other things, contributing to the direct infringement by others including, without limitation customers using the Kyocera Android IVM smartphones, by making, offering to sell, selling and/or importing into the United States, a component of a

patented machine, manufacture or combination, or an apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in infringing the '433 Patent and not a staple article or commodity of commerce suitable for substantial non-infringing use.

52.     For example, the Kyocera Android IVM smartphones are components of a patented machine, manufacture, or combination, or an apparatus for use in practicing a patent process.  Furthermore, the Kyocera Android IVM smartphones are material parts of the claimed inventions and upon information and belief are not a staple article or commodity of commerce suitable for substantial non-infringing use.  Kyocera is, therefore, liable for infringement under 35 U.S.C. § 271(c).

53.     Kyocera will have been on notice of the '433 Patent since, at the latest, the service of this complaint upon Kyocera.  By the time of trial, Kyocera will have known and intended (since receiving such notice) that its continued actions would actively induce, and contribute to, the infringement of one or more of claims 1-5, 8, 9, 11, 12, 14-17, 25 and 26 of the '433 Patent.

54.     Kyocera may have infringed the '433 Patent through other devices utilizing the same or reasonably similar functionality, including other versions of the Kyocera Android IVM smartphones.  Uniloc reserves the right to discover and pursue all such additional infringing software/devices.

55.     Uniloc has been damaged, reparably and irreparably, by Kyocera's infringement of the '433 Patent and such damage will continue unless and until Kyocera is enjoined.

## COUNT III
### (INFRINGEMENT OF U.S. PATENT NO. 7,535,890)

56.     Uniloc incorporates paragraphs 1-55 above by reference.

57.     Uniloc Luxembourg is the owner, by assignment, of U.S. Patent No. 7,535,890 ("the '890 Patent"), entitled SYSTEM AND METHOD FOR INSTANT VOIP MESSAGING that issued on May 19, 2009.  A true and correct copy of the '890 Patent is attached as Exhibit C hereto.

58.     Uniloc USA is the exclusive licensee of the '890 Patent with ownership of all substantial rights therein, including the right to grant sublicenses, to exclude others, and to enforce, sue and recover past damages for the infringement thereof.

59.     Kyocera has directly infringed, and continues to directly infringe one or more claims of the '890 Patent in this judicial district and elsewhere in Texas, including at least claims 1-3, 5, 6, 9, 14, 17, 19, 20, 23, 40, 42, 43, 51, 53, 54, and 57 literally and/or under the doctrine of equivalents, by or through making, using, importing, offering for sale and/or selling the Kyocera Android IVM smartphones during the pendency of the '890 Patent which devices and associated servers perform instant voice messaging over Wi-Fi and the Internet between persons using cellphones and/or other devices capable of instant voice messaging; wherein the instant messages are temporarily stored if an intended message recipient is unavailable and thereafter delivered once the intend recipient becomes available.   Upon information and belief, the additional Android devices identified in Exhibit E also provide such functionality and, thereby, infringe as set forth in this Count.

60.     In addition, should the Kyocera Android IVM smartphones be found to not literally infringe the asserted claims of the '890 Patent, the Kyocera Android IVM smartphones would nevertheless infringe the asserted claims of the '890 Patent.   More specifically, the accused Kyocera Android IVM smartphones perform substantially the same function (instant voice messaging), in substantially the same way (via a client/server environment), to yield

substantially the same result (delivering voice messages to available intended recipients). Kyocera would thus be liable for direct infringement under the doctrine of equivalents.

61.     Kyocera has indirectly infringed and continues to indirectly infringe at least claims 1-3, 5, 6, 9, 14, 17, 19, 20, 23, 40, 42, 43, 51, 53, 54, and 57 of the '890 Patent in this judicial district and elsewhere in the United States by, among other things, actively inducing the using, offering for sale, selling, or importing the Kyocera Android IVM smartphones.  Kyocera's customers who purchase the Kyocera Android IVM smartphones and operate such devices in accordance with Kyocera's instructions directly infringe one or more of the foregoing claims of the '890 Patent in violation of 35 U.S.C. § 271.  Kyocera directly and/or indirectly instructs its customers through training videos, demonstrations, brochures, installation and/or user guides, such as those located at the following:

www.kyocera.com

www.kyoceramobile.com

https://americas.kyocera.com

ww.youtube.com

Kyocera is thereby liable for infringement of the '890 Patent under 35 U.S.C. § 271(b).

62.     Kyocera has indirectly infringed and continues to indirectly infringe at least claims 1-3, 5, 6, 9, 14, 17, 19, 20, 23, 40, 42, 43, 51, 53, 54, and 57 of the '890 Patent in this judicial district and elsewhere in the United States by, among other things, contributing to the direct infringement by others including, without limitation customers using the Kyocera Android IVM smartphones, by making, offering to sell, selling and/or importing into the United States, a component of a patented machine, manufacture or combination, or an apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to

be especially made or especially adapted for use in infringing the '890 Patent and not a staple article or commodity of commerce suitable for substantial non-infringing use.

63.     For example, the Kyocera Android IVM smartphones are components of a patented machine, manufacture, or combination, or an apparatus for use in practicing a patent process.  Furthermore, the Kyocera Android IVM smartphones are material parts of the claimed inventions and upon information and belief are not a staple article or commodity of commerce suitable for substantial non-infringing use.  Kyocera is, therefore, liable for infringement under 35 U.S.C. § 271(c).

64.     Kyocera will have been on notice of the '890 Patent since, at the latest, the service of this complaint upon Kyocera.  By the time of trial, Kyocera will have known and intended (since receiving such notice) that its continued actions would actively induce, and contribute to, the infringement of one or more claims 1-3, 5, 6, 9, 14, 17, 19, 20, 23, 40, 42, 43, 51, 53, 54, and 57 of the '890 Patent.

65.     Kyocera may have infringed the '890 Patent through other devices utilizing the same or reasonably similar functionality, including other versions of the Kyocera Android IVM smartphones.  Uniloc reserves the right to discover and pursue all such additional infringing software/devices.

66.     Uniloc has been damaged, reparably and irreparably, by Kyocera's infringement of the '890 Patent and such damage will continue unless and until Kyocera is enjoined.

## COUNT IV
### (INFRINGEMENT OF U.S. PATENT NO. 8,199,747)

67.     Uniloc incorporates paragraphs 1-66 above by reference.

68.     Uniloc Luxembourg is the owner, by assignment, of U.S. Patent No. 8,199,747 ("the '747 Patent"), entitled SYSTEM AND METHOD FOR INSTANT VOIP MESSAGING

that issued on June 12, 2012.  A true and correct copy of the '747 Patent is attached as Exhibit D hereto.

69.    Uniloc USA is the exclusive licensee of the '747 Patent with ownership of all substantial rights therein, including the right to grant sublicenses, to exclude others, and to enforce, sue and recover past damages for the infringement thereof.

70.    Kyocera has directly infringed, and continues to directly infringe one or more claims of the '747 Patent in this judicial district and elsewhere in Texas, including at least claims 1 and 13 literally and/or under the doctrine of equivalents, by or through making, using, importing, offering for sale and/or selling the Kyocera Android IVM smartphones during the pendency of the '747 Patent which devices and associated servers perform instant voice messaging over Wi-Fi and the Internet between persons using cellphones and/or other devices capable of instant voice messaging; wherein the instant message audio file is generated and one or more files attached thereto and transmitting the files to available recipients and temporarily storing the message if an intended recipient is unavailable and thereafter delivered once the intend recipient becomes available.  Upon information and belief, the additional Android devices identified in Exhibit E also provide such functionality and, thereby, infringe as set forth in this Count.

71.    In addition, should the Kyocera Android IVM smartphones be found to not literally infringe the asserted claims of the '747 Patent, the Kyocera Android IVM smartphones would nevertheless infringe the asserted claims of the '747 Patent.  More specifically, the accused Kyocera Android IVM smartphones perform substantially the same function (instant voice messaging), in substantially the same way (recording and transmitting a message to be audibly played by one or more recipients and temporarily storing messages for a recipient who is

unavailable), to yield substantially the same result (delivering voice messages with attached file(s) to available intended recipients).  Kyocera would thus be liable for direct infringement under the doctrine of equivalents.

72.     Kyocera has indirectly infringed and continues to indirectly infringe at least claims 1 and 13 of the '747 Patent in this judicial district and elsewhere in the United States by, among other things, actively inducing the using, offering for sale, selling, or importing the Kyocera Android IVM smartphones.  Kyocera's customers who purchase the Kyocera Android IVM smartphones and operate such devices in accordance with Kyocera's instructions directly infringe one or more of the foregoing claims of the '747 Patent in violation of 35 U.S.C. § 271. Kyocera directly and/or indirectly instructs its customers through training videos, demonstrations, brochures, installation and/or user guides, such as those located at the following:

www.kyocera.com

www.kyoceramobile.com

https://americas.kyocera.com

www.youtube.com

Kyocera is thereby liable for infringement of the '747 Patent under 35 U.S.C. § 271(b).

73.     Kyocera has indirectly infringed and continues to indirectly infringe at least claims 1 and 13 of the '747 Patent in this judicial district and elsewhere in the United States by, among other things, contributing to the direct infringement by others including, without limitation customers using the Kyocera Android IVM smartphones, by making, offering to sell, selling and/or importing into the United States, a component of a patented machine, manufacture or combination, or an apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in

infringing the '747 Patent and not a staple article or commodity of commerce suitable for substantial non-infringing use.

74.     For example, the Kyocera Android IVM smartphones are components of a patented machine, manufacture, or combination, or an apparatus for use in practicing a patent process.  Furthermore, the Kyocera Android IVM smartphones are material parts of the claimed inventions and upon information and belief are not a staple article or commodity of commerce suitable for substantial non-infringing use.  Kyocera is, therefore, liable for infringement under 35 U.S.C. § 271(c).

75.     Kyocera will have been on notice of the '747 Patent since, at the latest, the service of this complaint upon Kyocera.  By the time of trial, Kyocera will have known and intended (since receiving such notice) that its continued actions would actively induce, and contribute to, the infringement of one or more of claims 1 and 13 of the '747 Patent.

76.     Kyocera may have infringed the '747 Patent through other devices utilizing the same or reasonably similar functionality, including other versions of the Kyocera Android IVM smartphones.  Uniloc reserves the right to discover and pursue all such additional infringing software/devices.

77.     Uniloc has been damaged, reparably and irreparably, by Kyocera's infringement of the '747 Patent and such damage will continue unless and until Kyocera is enjoined.

### **PRAYER FOR RELIEF**

Uniloc requests that the Court enter judgment against Kyocera as follows:

(A)     that Kyocera has infringed the '622 Patent, the '433 Patent, the '890 Patent and the '747 Patent;

(B)       awarding Uniloc its damages suffered as a result of Kyocera's infringement of the '622 Patent, the '433 Patent, the '890 Patent and the '747 Patent pursuant to 35 U.S.C. § 284;

(C)       enjoining Kyocera, its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries and parents, and all others acting in concert or privity with it from infringing the '622 Patent, the '433 Patent, the '890 Patent and the '747 Patent pursuant to 35 U.S.C. § 283;

(D)       awarding Uniloc its costs, attorneys' fees, expenses and interest, and

(E)       granting Uniloc such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Uniloc hereby demands trial by jury on all issues so triable pursuant to Fed. R. Civ. P. 38.

Dated: September 6, 2016                    Respectfully submitted,


                                            */s/ Craig Tadlock*
                                            Craig Tadlock
                                            Texas State Bar No. 00791766
                                            **TADLOCK LAW FIRM PLLC**
                                            2701 Dallas Parkway, Suite 360
                                            Plano, TX 75093
                                            Tel: (903) 730-6789
                                            Email: craig@tadlocklawfirm.com

                                            Paul J. Hayes
                                            Kevin Gannon
                                            **CESARI AND MCKENNA, LLP**
                                            88 Black Falcon Ave
                                            Suite 271
                                            Boston, MA 02110
                                            Telephone: (617) 951-2500
                                            Facsimile: (617) 951-3927
                                            Email: pjh@c-m.com
                                            Email: kgannon@c-m.com

                                            **ATTORNEYS FOR THE PLAINTIFFS**